The STATE of Ohio, Appellee,

v.

CUNIGAN, Appellant.

[Cite as *State v. Cunigan,* 185 Ohio App.3d 332, 2009-Ohio-7042.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 23061.

Decided Dec. 30, 2009.

Mathias Heck, Montgomery County Prosecuting Attorney, and Michele D. Phipps, Assistant Prosecuting Attorney, for appellee.

J. Allen Wilmes, for appellant.

———

FROELICH, Judge.

{¶ 1} Shawn R. Cunigan appeals from a judgment of the Montgomery County Court of Common Pleas, which resentenced him on two counts of trafficking in crack cocaine because the original sentence did not include the required term of postrelease control.

{¶ 2} The trial court's failure to impose postrelease control at the original sentencing hearing, as required by R.C. 2967.28, rendered the sentence void. At resentencing, the parties were in the same position as if there had been no sentence imposed. As such, the trial court erred in stating that it was precluded

from imposing a sentence that was different from the sentence originally imposed, but for the imposition of postrelease control. Cunigan's resentencing did not violate the Double Jeopardy Clause of the United States or Ohio Constitution. Pursuant to *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the trial court was not required to state findings in support of its imposition of maximum and consecutive sentences. The judgment will be reversed and remanded for the court to exercise its discretion in the imposition of sentence.

## I

{¶ 3} In August 1999, Cunigan was found guilty by a jury of two counts of trafficking in crack cocaine. Based on the amounts of crack cocaine involved, one offense was a first-degree felony, and the other was a second-degree felony. The trial court imposed sentences of ten and eight years respectively, to be served consecutively, but it did not impose postrelease control for a period of five years, as required by R.C. 2967.28.

{¶ 4} On September 18, 2008, Cunigan appeared before the court for resentencing. At the hearing, Cunigan repeatedly asked the court to consider the fact that he had earned an associate's degree while in prison and had not been in trouble there, and he asked for a concurrent sentence. The trial judge responded that she was not permitted to modify the sentence and that the "law doesn't permit that." The court then reimposed the ten- and eight-year sentences, to be served consecutively, along with the mandatory period of postrelease control for five years.

{¶ 5} Cunigan appeals, raising three assignments of error.

## II

{¶ 6} Cunigan's first assignment of error states:

{¶ 7} "The trial court committed prejudicial error by refusing to permit appellant meaningful allocution at the time of his re-sentencing in violation of his right to due process."

{¶ 8} Cunigan contends that the trial court erred in refusing to consider his request that his sentences run concurrently and "to entertain any further of his arguments."

{¶ 9} Although Cunigan frames this argument as a violation of his right of allocution, i.e., his right *to speak* at the sentencing hearing, the substance of his argument seems to be that the trial court refused *to consider* his arguments for a lesser sentence. The transcript reveals that Cunigan was given the opportunity to say everything he wanted to say. The trial court maintained, however, that it could not consider Cunigan's claims that he had behaved well in prison and had

obtained a degree there in resentencing him. When asked to impose concurrent sentences, the judge responded: "That would be resentencing you, sir, in terms of modifying your sentence and I'm not permitted. There's a specific statute in Ohio that provides that the Judge is not permitted to modify a sentence and that's what you'd be asking me to do. * * * There is nothing in the law that permits you to have your sentence modified."

{¶ 10} The failure of a trial court to provide notice of postrelease control at the sentencing hearing renders the sentence imposed contrary to law and void. *State v. Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, at ¶ 15; *State v. Singleton,* 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958. Thus, the sentence must be vacated, and the defendant must be resentenced. Id. "The effect of vacating the sentence places the parties in the same position they would have been in had there been no sentence." Id. at ¶ 22, citing *State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, at ¶ 12–13.

{¶ 11} If the parties are to proceed as if there had been no prior judgment, then the trial court must be permitted to exercise its discretion at resentencing. Although a validly imposed sentence is not subject to modification at a later date, Cunigan's prior sentence was not "validly" imposed, but rather was void. We recognize that there may be concerns about the appearance of vindictiveness if a trial court imposes a harsher sentence after a defendant has successfully appealed or has been granted a new trial. See, e.g., *North Carolina v. Pearce* (1969), 395 U.S. 711, 725, 89 S.Ct. 2072, 23 L.Ed.2d 656. Here, however, Cunigan received maximum, consecutive sentences for the offenses in the first instance. Proceeding as if there had been no prior sentence, *Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, at ¶ 22, the trial court was required to consider the statements Cunigan made at allocution. How the court then exercises its discretion is not the question now on appeal. The trial court erred in concluding that it was not even permitted to consider those statements.

{¶ 12} The first assignment of error is sustained.

### III

{¶ 13} Cunigan's second assignment of error states:

{¶ 14} "The trial court violated appellant's constitutional right not to be subject to double jeopardy in re-sentencing appellant to additional penalties, i.e., post-release control conditions, not originally imposed in his sentencing."

{¶ 15} Cunigan claims that the trial court punished him twice for the same offense, in violation of his right to be free from double jeopardy.

{¶ 16} The Supreme Court of Ohio has rejected Cunigan's argument under this assignment of error. In *Simpkins,* which also involved the omission of postrelease control from the original sentence, the court observed that "'a sentence does not have the qualities of constitutional finality that attend an acquittal.'" *Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, at ¶ 32, quoting *United States v. DiFrancesco* (1980), 449 U.S. 117, 134, 101 S.Ct. 426, 66 L.Ed.2d 328. "'"[A] trial court not only *can* alter a statutorily-invalid sentence in a way which might increase its severity, but *must* do so when the statute so provides."'" Id. at ¶ 33, quoting *Breest v. Helgemoe* (C.A.1, 1978), 579 F.2d 95, 99, quoting *Thompson v. United States* (C.A.1, 1974), 495 F.2d 1304, 1306. (Emphasis in *Thompson.*) "In cases in which the increase to the defendant's sentence is due to a 'legally incomplete' sentence rather than in response to a mistake of fact, a change of heart, or vindictiveness, we find no due-process or other constitutional violation." Id.

{¶ 17} We are bound by the Supreme Court's holding that resentencing necessitated by the trial court's failure to inform the defendant of a period of postrelease control does not violate a defendant's double-jeopardy rights. Accordingly, Cunigan's second assignment of error is overruled.

### IV

{¶ 18} Cunigan's third assignment of error states:

{¶ 19} "The trial court committed reversible error by imposing consecutive sentences without making findings mandated by O.R.C. 2929.14."

{¶ 20} Cunigan argues that because the trial court did not make express findings related to its imposition of consecutive sentences, we should modify the sentences to run concurrently.

{¶ 21} In 2006, the Supreme Court of Ohio held that parts of Ohio's felony sentencing scheme were unconstitutional because they "require[d] judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant." *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at ¶ 83. The Supreme Court severed the provisions that it found to be unconstitutional, leaving trial courts with full discretion to impose a prison sentence within the statutory range without making findings or giving reasons for imposing maximum, nonminimum, or consecutive sentences. Id.; *State v. Mathis,* 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, at ¶ 37.

{¶ 22} Because the trial court was no longer required to make statutory findings, the trial court did not err in sentencing Cunigan to maximum and consecutive sentences without making statutory findings.

{¶ 23} Cunigan's third assignment of error is overruled.

## V

{¶ 24} The judgment of the trial court will be reversed, and this matter will be remanded for resentencing. The trial court is not precluded from reimposing the same sentence if it chooses, but it must do so after exercising its own discretion at the sentencing hearing.

Judgment reversed
and cause remanded.

DONOVAN, P.J., and BROGAN, J., concur.