[Cite as *State v. Cunigan*, 195 Ohio App.3d 162, 2011-Ohio-4010.

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| THE STATE OF OHIO, | : | |
| Appellee, | : | C.A. CASE NO.    23872 |
| v. | : | T.C. NO.    98CR2643 |
| CUNIGAN, | : | (Criminal appeal from Common Pleas Court) |
| Appellant. | : | |

· · · · · · · · · ·

**O P I N I O N**

Rendered on the ____12th____ day of ____August____, 2011.

· · · · · · · · · ·

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Laura M. Woodruff, Assistant Prosecuting Attorney, for appellee.

Adrian King, for appellant.

· · · · · · · · · ·

DONOFRIO, Judge.

{¶ 1} Defendant-appellant, Shawn Cunigan, appeals a decision of the Montgomery County Common Pleas Court resentencing him to 18 years in prison for two counts of drug trafficking.

{¶ 2} In 1999, following a jury trial, Cunigan was convicted of one count of trafficking in cocaine in an amount between 10 and 25 grams, a second-degree felony, and one count of trafficking in cocaine in an amount between 25 and 100

grams, a first-degree felony. The trial court sentenced him to a total prison term of 18 years. This court affirmed Cunigan's conviction. *State v. Cunigan* (Sept. 22, 2000), Montgomery App. No. 17924.

{¶ 3} On September 18, 2008, due to a sentencing error concerning postrelease-control notification, the trial court conducted a resentencing hearing. Cunigan requested a sentence modification, and the trial court informed him that it could not do so by law, and it resentenced him to 18 years in prison. Cunigan appealed that decision to this court. We reversed the sentence on the authority of *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250. *State v. Cunigan*, 185 Ohio App.3d 332, 2009-Ohio-7042. We reversed his sentence and remanded the matter, finding that the trial court did have discretion to modify appellant's sentence.

{¶ 4} Consequently, on February 9, 2010, the trial court conducted a new resentencing hearing. At the hearing, Cunigan testified as to his conduct during his 11 years in prison. The court took Cunigan's testimony into consideration. It also considered reports from the Ohio Courts Network and Ross Correctional Institution, which set out various rule violations Cunigan committed while in prison in addition to numerous other factors. The trial court then once again resentenced Cunigan to 18 years in prison.

{¶ 5} Cunigan's sole assignment of error states:

{¶ 6} "A defendant has been denied due process of law when a court sentences a defendant influenced by unchallenged information contained in reports."

{¶ 7} Cunigan argues that at his resentencing hearing the trial court erred in

considering "extrajudicial" information. Specifically he claims that the court should not have considered the Ohio Courts Network and Ross Correctional Institution reports. These reports included allegations of rule violations that occurred while Cunigan was serving his prison term. Some of the violations were described, others were not. Cunigan argues that he was not given the opportunity to challenge these allegations or to provide descriptions of the undescribed violations. Because his sentence was influenced by unchallenged information, Cunigan asks this court to remand this matter with a directive to permit him to challenge the contents of any reports used in his sentencing.

{¶ 8} The Ohio Supreme Court has held that in reviewing felony sentences, the appellate courts must use a two-pronged approach. "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment shall be reviewed under an abuse-of-discretion standard." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, at ¶ 4, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856.

{¶ 9} First, Cunigan's sentence is not contrary to law. The court sentenced Cunigan to ten years for the first-degree felony and eight years for the second-degree felony. These sentences are within the range of sentences for first- and second-degree felonies. See R.C. 2929.14(A)(1)(2). Furthermore, the court stated in sentencing appellant that it had considered the principles and purposes of sentencing as required by R.C. 2929.11. And it stated that it had

balanced the seriousness and recidivism factors as required by R.C. 2929.12.

{¶ 10} Second, the trial court did not abuse its discretion in sentencing Cunigan.

{¶ 11} Cunigan is barred from arguing that the trial court should not have considered his prison conduct under the doctrine of invited error.

{¶ 12} "'The doctrine of invited error is a corollary of the principle of equitable estoppel. Under the doctrine of invited error, an appellant, in either a civil or a criminal case, cannot attack a judgment for errors committed by himself or herself; for errors that the appellant induced the court to commit; or for errors into which the appellant either intentionally or unintentionally misled the court, and for which the appellant is actively responsible. Under this principle, a party cannot complain of any action taken or ruling made by the court in accordance with that party's own suggestion or request.'" (Citations omitted.) *Daimler/Chrysler Truck Fin. v. Kimball*, Champaign App. No. 2007-CA-07, 2007-Ohio-6678, at ¶ 40, quoting 5 Ohio Jurisprudence 3d (1999, Supp.2007) 170-171, Appellate Review, Section 448.

{¶ 13} Cunigan himself placed his prison conduct at issue when he testified regarding his "hole shots" (time spent in solitary confinement), stated that he "stay[s] out of trouble" in prison, and stated that "it's a good record—considered to what maybe 80 percent of those guys got in the institution." He also testified regarding some programs he became involved with in prison. Thus, it was reasonable for the court to have considered the prison reports given that Cunigan invited the court to consider his prison conduct. Cunigan cannot now argue that it was error for the court to do so.

{¶ 14} Additionally, Cunigan's prison conduct was only one of many factors that the trial court considered in resentencing him. The court also considered Cunigan's statements, Cunigan's counsel's statement on his behalf, the letters Cunigan provided to the court from his family members, the prior presentence investigation, Cunigan's seven prior felony convictions, his prior prison sentences, and his history of lack of employment. Thus, the court had a wide variety of factors on which it based its decision.

{¶ 15} As an aside, we also note that later the same year, after the court resentenced Cunigan, the Ohio Supreme Court decided the case of *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238. Several years after being convicted of multiple felonies, Fischer moved for resentencing after the Ohio Supreme Court issued *Bezak*, 114 Ohio St.3d 94 (holding that a sentence that omits a statutorily mandated postrelease-control term is void), arguing that the trial court had not properly advised him about postrelease control. The trial court granted Fischer a resentencing hearing where it properly notified Fischer of his postrelease-control obligations and re-imposed the remainder of Fischer's sentence.

{¶ 16} Fischer appealed, asserting that because his original sentence was void, his first direct appeal was not valid and his new appeal was actually his first direct appeal, so he was free to raise any and all issues relating to his conviction.

{¶ 17} The Ohio Supreme Court reaffirmed its holding in *Bezak* that " '[w]hen a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void,' but with the added proviso that only the

offending portion of the sentence is subject to review and correction." Id. at ¶ 27. The court went on to modify *Bezak*, however, holding that "[t]he new sentencing hearing to which an offender is entitled under *State v. Bezak* is limited to proper imposition of postrelease control" instead of an entirely new sentencing hearing. Id. at paragraph two of the syllabus; ¶ 28-29.

{¶ 18} Thus, under the new law of *Fischer*, Cunigan would not even have been entitled to a new sentencing hearing. The trial court would have been able to review only the portion of his sentence dealing with postrelease control.

{¶ 19} The trial court in this case ultimately imposed the same sentence as it had originally imposed. Thus, whether Cunigan's prison record was considered or not, the court still meted out the same sentence.

{¶ 20} In conclusion, the trial court did not abuse its discretion in resentencing appellant to 18 years in prison.

{¶ 21} Accordingly, appellant's sole assignment of error is without merit.

{¶ 22} For the reasons stated above, the trial court's judgment is hereby affirmed.

Judgment affirmed.

. . . . . . . . . .

GRADY, P.J. and HALL, J., concur.

Gene Donofrio, J., of the Seventh District Court of Appeals, sitting by assignment.

_____