[Cite as *State v. Huffman*, 2024-Ohio-5273.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| JASON HUFFMAN | : | Case No. 24CA00012 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:       Appeal from the Mount Vernon
Municipal Court, Case No.
23CRB00505


JUDGMENT:       Plea Vacated and Remanded


DATE OF JUDGMENT:       November 4, 2024


APPEARANCES:

For Plaintiff-Appellee       For Defendant-Appellant

STEVEN THOMAS D. POTTS       TODD W. BARSTOW
5 North Gay Street       261 West Johnstown Road
Suite 222       Suite 204
Mount Vernon, OH 43050       Columbus, OH 43230

*King, J.*

{¶ 1}   Defendant-Appellant, Jason Huffman, appeals his April 9, 2024 conviction in the Mount Vernon Municipal Court of Knox County, Ohio.  Plaintiff-Appellee is the State of Ohio.  We vacate the plea.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On July 25, 2023, Huffman was charged with two counts of domestic violence in violation of R.C. 2919.25.

{¶ 3}   On February 27, 2024, Huffman pled to reduced charges: guilty to one count of criminal mischief in violation of R.C. 2909.07 (first degree misdemeanor) and no contest to attempted assault in violation of R.C. 2903.13 and 2923.02 (second degree misdemeanor).  He stipulated to a finding of guilty on the attempted assault charge.  By journal entry filed April 9, 2024, the trial court sentenced Huffman to an aggregate sentence of 270 days, 242 days suspended, and placed him on two years of community control.  Huffman was ordered to serve three days in jail and the remainder of his jail time was stayed.

{¶ 4}   Huffman filed an appeal with the following assignments of error:

I

{¶ 5}   "THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S PLEAS OF GUILTY AND NO CONTEST TO PETTY OFFENSES WITHOUT INFORMING HIM OF THE EFFECT OF THOSE PLEAS AND WITHOUT A PROPER EXPLANATION OF THE CIRCUMSTANCES."

II

{¶ 6}   "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY NOT PERMITTING HIM TO ALLOCUTE AT THE SENTENCING HEARING."

I

{¶ 7}   In his first assignment of error, Huffman claims in part that the trial court erred in accepting his pleas without informing him of the effect of those pleas.  We agree.

{¶ 8}   Huffman was charged with misdemeanors involving petty offenses. Crim.R. 2(D).  Crim.R. 11(E) states: "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." *See State v. Jones,* 2007-Ohio-6093, ¶ 21 ("whenever accepting a plea of guilty or no contest, the trial court is required to inform a defendant of the effect of the plea").  A guilty plea "is a complete admission of the defendant's guilt."  Crim.R. 11(B)(1).  A plea of no contest "is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."  Crim.R. 11(B)(2).

{¶ 9}   In *Jones,* the Court held, "to satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B)." *Jones* at ¶ 25.  Because Jones was pleading guilty to a misdemeanor for a petty offense, the trial court was required to inform him that his plea of guilty was a complete admission of guilt.  Crim.R. 11(B)(1).  Likewise, on a no contest plea, a trial court must inform the defendant that the plea is an admission of the truth of the facts as alleged and the plea shall not be used against the defendant in any subsequent proceedings.  Crim.R. 11(B)(2).

{¶ 10} Huffman argues the trial court did not inform him of the effect of his pleas. A review of the record confirms this. The entire transcript of the plea hearing consists of three pages. First the prosecutor recited its recommendation to amend the charges. February 27, 2024 T. at 3. Then defense counsel confirmed that was his understanding of the negotiated resolution of the charges and Huffman would plead guilty to the criminal mischief count and no contest with a stipulated finding of guilty to the attempted assault count. *Id.* at 4. The trial court immediately granted the amendments to the charges and found Huffman guilty of both. *Id.* at 4-5. Huffman never spoke. The only "plea form" signed by Huffman was a waiver of right to jury trial. We find the record is devoid of any compliance with Crim.R. 11(E). Although a defendant is normally required to show prejudice to benefit from that error, we find the Supreme Court of Ohio has removed that requirement.

{¶ 11} In *Jones,* after finding the trial court had failed to inform Jones of the effect of his plea, the Supreme Court turned to the issue of prejudice, finding failure to comply with non-constitutional rights such as Crim.R. 11(B)(1) "'will not invalidate a plea unless the defendant thereby suffered prejudice.'" *Jones* at ¶ 52, quoting *State v. Griggs,* 2004-Ohio-4415, ¶ 12. But subsequent to *Jones* and *Griggs,* the Supreme Court of Ohio decided *State v. Dangler,* 2020-Ohio-2765.

{¶ 12} Dangler sought to vacate his no contest plea because the trial court failed to inform him of the maximum penalty at the time of taking the plea as required under Crim.R. 11(C)(2)(a) (failure to explain the obligations and requirements of being a registered sex offender). The Court noted it had created an additional exception to the prejudice requirement (other than failing to explain constitutional rights): "a trial court's

*complete* failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice." (Emphasis in original.) *Id.* at 15, citing *State v. Sarkozy*, 2008-Ohio-509 (the trial court completely failed to comply with Crim.R. 11(C)(2)(a)'s requirement that it explain the maximum penalty when the court made no mention of the mandatory postrelease control in the plea colloquy).

{¶ 13} The trial court had engaged Dangler in a plea colloquy. The Court found because the trial court advised Dangler he would be subject to the sex offender registration requirements, it did not completely fail to comply with Crim.R. 11(C)(2)(a)'s maximum-penalty-advisement requirement (a non-constitutional right). And therefore, Dangler was required to show prejudice.

{¶ 14} But here, there was a complete failure to comply with Crim.R. 11(E), and we join other districts in applying to petty misdemeanor offenses the Supreme Court of Ohio's admonition in *Dangler* that a complete failure to comply with Crim.R. 11(C) in a felony offense does not require a prejudice analysis; therefore, Huffman's burden to show prejudice is eliminated. *See Cleveland v. Byers,* 2023-Ohio-4542 (8th Dist.); *State v. Jackson,* 2022-Ohio-3662 (2d Dist.); *State v. Brown,* 2021-Ohio-3443 (9th Dist.).

{¶ 15} The State of Ohio argues Huffman invited the errors he now complains of and in support, cites this court's decision in *State v. Wright,* 2019-Ohio-374 (5th Dist.). Before turning to *Wright*, we will first examine the doctrine of invited error, as it will help harmonize the precedent before us. The Supreme Court has stated the doctrine as this: "A party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make." *Lester v. Leuck*, 142 Ohio St. 91 (1943), paragraph one of the syllabus.

{¶ 16} The Second District has stated the rule in a more comprehensive way:

"'The doctrine of invited error is a corollary of the principle of equitable estoppel. Under the doctrine of invited error, an appellant, in either a civil or a criminal case, cannot attack a judgment for errors committed by himself or herself; for errors that the appellant induced the court to commit; or for errors into which the appellant either intentionally or unintentionally misled the court, and for which the appellant is actively responsible. Under this principle, a party cannot complain of any action taken or ruling made by the court in accordance with that party's own suggestion or request.'" (Citations omitted.)

*State v. Cunigan,* 2011-Ohio-4010, ¶ 12 (2d Dist.), quoting *Daimler/Chrysler Truck Financial v. Kimball,* 2007-Ohio-6678, ¶ 40, quoting 5 Ohio Jur.3d, Appellate Review, § 448, at 170-171 (1999, Supp. 2007).

{¶ 17} Thus, the rule requires an overt and erroneous act on the part of the defendant upon which the trial court relied when ruling on the error now complained of on appeal. The requirement of an affirmative act distinguishes it from other related doctrines grounded in the principals of equitable estoppel. The scope of the invited error rule is made clearer by considering it against the doctrine of forfeiture (or waiver as it is often conflated with).

{¶ 18} In a dissenting opinion, Justice Cook observed in its strictest sense, waiver is an "intentional relinquishment or abandonment of a known right" where forfeiture is

better viewed as "the failure to make a timely assertion of a right." *State v. McKee,* 91 Ohio St.3d 292, 298, fn. 3 (2001) (Cook, J., dissenting), quoting *United States v. Olano,* 507 U.S. 725, 733 (1993), quoting *Johnson v. Zerbst,* 304 U.S. 458, 464 (1938).[1] She correctly observed the distinction between the two doctrines has consequences in whether plain error can be recognized by an appellate court: forfeiture allows the reviewing court to consider plain error, whereas in cases of true waiver, the appellant is usually estopped from receiving a reversal on plain error. *McKee* at 298, fn. 3.

{¶ 19} Justice Cook observed part of the reason for this distinction is to give force to the contemporaneous objection rule. *Id.* at 301. The failure to timely object allows the appellant to raise the error on appeal, but only under the plain error standard. *Id.* Their operation in tandem ensures prejudicial errors that should have been obvious during trial can be corrected, but narrows the scope of appellate review to avoid either gamesmanship or inattentiveness on the part of the complaining party. *See id; see also Henderson v. United States*, 568 U.S. 266, 286 (2013) (Scalia, J., dissenting) ("Where a criminal case . . . [is] a sure loser with the jury, it makes entire sense to stand silent while the court makes a mistake that may be the basis for undoing the conviction").

{¶ 20} In this light, it becomes clearer that in instances where a defendant stands silent and makes no objection, it is more fairly characterized as a forfeiture of the right to complain of all error but plain error. On the other hand, when a defendant actively participates in the trial court committing error, this closely resembles instances where a defendant intentionally abandons a right, i.e., the related estoppel doctrine of waiver. But

---

[1]Later the Supreme Court adopted Justice Cook's reasoning in *State v. Payne,* 2007-Ohio-4642, ¶ 23.

a defendant's active participation in creating the error is in excess of intentional abandonment of a right (waiver) and thus has consequences on our standard of review. For example, we will often consider whether the waiver of constitutional rights was knowingly and intelligently given. *See, e.g., State v. Kelley*, 57 Ohio St.3d 127, 129 (1991). Yet, in the case of invited error, we typically refuse to entertain either plain error or question the circumstances in which the waiver was given. *See State v. Osie*, 2014-Ohio-2966, ¶ 179, citing *State v. Campbell,* 90 Ohio St.3d 320 (2000), [paragraph three of the syllabus]. True invited error in a case like the one before us would allow us to forego a consideration of whether the error rendered the plea involuntary.

{¶ 21} Here, we conclude it would be a mistake to treat defense counsel's failure to object to the trial court's failure to adhere to Crim.R.11(E) as invited error. The trial court's obligation was to follow the rules and the record is devoid of any evidence that Huffman, through an overt act, induced the trial court to commit that error. The circumstances here are where forfeiture generally applies, i.e., Huffman remained silent while an error was committed. But even under a plain error review, we think *Dangler* requires us to recognize the error as one that affects a substantial right and requires reversal.

{¶ 22} Finally, we think the result is the same if we considered this under the doctrine of waiver. At oral argument and in its brief, the State of Ohio argued Huffman somehow relinquished or abandoned this right by pleading at the conclusion of negotiations. But the State could not point to any plea agreement or similar promises on the record that allows us to conclude that Huffman waived his right to receive the notice that Crim.R.11(E) and *Dangler* require.

{¶ 23} In the absence of something in the record to support waiver, we would be imputing a general waiver forgiving trial courts in any instance like this where there is a complete failure to adhere to the rules meant to ensure the plea was made knowingly and voluntarily.  This is beyond anything the Supreme Court has held.  Moreover, such an expansion could seemingly implicate a constitutional question of due process of whether we can impute a waiver of errors arising from complete noncompliance whenever the State asserts the plea was the result of some negotiations not in the record.  As noted above, we usually require waivers to be given knowingly, which would be in doubt in such a circumstance.

{¶ 24} Now turning to *Wright,* the facts in that case are similar to the facts in this case.  In *Wright,* the defendant pled no contest and stipulated to a finding of guilty.  The trial court did not inform the defendant of the effect of his pleas and did not call for an explanation of circumstances.  On review, this court concluded:

> In the case at bar, we find Wright or his attorney could have, but did not, object to the trial court's failure to ask for a recitation of facts.  We further find that Wright or his attorney could have, but did not, ask the trial to explain the effect of his no contest plea.  Therefore, we find that Wright waived and invited the errors that he now raises on appeal.  Further, we find that Wright has failed to demonstrate prejudice from the trial court's failure to explain the effect of a no contest plea and the trial court's failure to ask for a recitation of the underlying facts.

*Wright,* 2019-Ohio-374, at ¶ 25 (5th Dist.).[2]

{¶ 25} We think *Wright* is distinguishable for two reasons. First, although at times the previous panel of this court interchanged waiver and invited error, it appears to this panel it was reviewing the case under the doctrine of waiver. As discussed above, we think in the case at bar, we lack sufficient facts to conclude there was an intentional relinquishment of Huffman's rights under Crim.R.11(E).

{¶ 26} Second, the prior decision was prior to the Supreme Court's decision in *Dangler.* We think that in order to comply with precedent from a superior court, we are obliged under Crim.R.52(B), at a minimum, to recognize the total failure to advise under the rule here as an error affecting a substantial right. *Dangler,* 2020-Ohio-2765, at ¶ 15 ("We have created one additional exception to the prejudice requirement: a trial court's *complete* failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice"). So, assuming arguendo, we do not usually recognize plain error instances when waiver is present, we think we must here under *Dangler* because the failure to provide the advisement undermines whether the plea was given voluntarily. *Id.* at ¶ 10, 11, and 18.

---

[2]Judge Hoffman was on the *Wright* panel, but wrote a concurring in part and dissenting in part opinion, stating: "I do not believe Appellant waived or invited the error regarding the failure of the trial court to comply with Crim.R. 11(E) as a result of his stipulation to a finding of guilty. Nor do I find waiver of invited error because neither he nor his attorney informed the trial court Appellant did not understand the significance of the plea he was entering or otherwise indicated his confusion." *Id.* at ¶ 32. Judge Hoffman cited to *Jones,* 2007-Ohio-6093, and found appellant was not required to show prejudice. *Id.* at ¶ 33-35.

{¶ 27} This panel does not agree that invited error is a viable argument for the State in the case before us. Crim.R. 11(E) requires the trial court to do something which it failed to do. The burden is not on Huffman to make sure the trial court complies with its mandated requirements, and the party who merely stayed silent cannot be fairly said to have invited the error.

{¶ 28} Upon review, we find the trial court erred in accepting Huffman's pleas without informing him of the effect of those pleas. We find Huffman's remaining arguments to be moot.

{¶ 29} Assignment of Error I is granted in part. Assignment of Error II is moot.

{¶ 30} The plea entered in the Mount Vernon Municipal Court of Knox County, Ohio is hereby vacated and the matter is remanded to the court for further proceedings.

By King, J.

Delaney, P.J. and

Hoffman, J. concur.