[Cite as *State v. Engler*, 2026-Ohio-1962.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
STARK COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO<br><br>  Plaintiff - Appellee<br><br>-vs-<br><br>ANTHONY ENGLER<br><br>Defendant - Appellant | Case No. 2025CA00187<br><br><u>Opinion and Judgment Entry</u><br><br>Appeal from the Massillon Municipal Court, Case No. 2025CRB01493<br><br>Judgment: Reversed and Remanded<br><br>Date of Judgment Entry: May 26, 2026 |

**BEFORE:** Andrew J. King; William B. Hoffman; Robert G. Montgomery, Judges

**APPEARANCES:** Rachael Slagle, Assistant Prosecuting Attorney, The City of Massillon Law Department, for Plaintiff-Appellee; George Urban, for Defendant-Appellant.

*Hoffman, J.*

**{¶1}** Defendant-Appellant Anthony Ventura Engler appeals the judgment entered by the Massillon Municipal Court convicting him following his plea of guilty to criminal mischief (R.C. 2909.07(A)(1)), and sentencing him to sixty days in jail with all but four days suspended. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On June 21, 2025, Appellant followed two women to several locations in Massillon, Ohio, recording the women. He was charged by complaint with menacing by

stalking. After plea negotiations with the State, Appellant entered a plea of guilty to an amended charge of criminal mischief.

**{¶3}** The trial court convicted Appellant upon his plea of guilty to criminal mischief. Appellant was fined $100.00, and sentenced to sixty days in jail, with all but four days suspended. Appellant was ordered to have no related offenses for a period of five years and to continue following all orders of the Stark County Common Pleas Court in case number 2025CR1869, including treatment.

**{¶4}** It is from the November 24, 2025 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

ENGLER'S GUILTY PLEA MUST BE VACATED AND REMANDED BECAUSE THE TRIAL COURT FAILED TO COMPLY WITH CRIMINAL RULE 11(E).

I.

**{¶5}** Appellant argues the trial court failed to comply with Crim. R. 11(E) at his plea hearing. We agree.

**{¶6}** Crim. R. 11(E) provides:

In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty.

**{¶7}** In the instant case, the following colloquy took place at Appellant's change of plea hearing:

THE COURT: Alright, before I accept your guilty plea, my bailiff is handing you the Waiver of Rights form. Now, I did make a couple of minor changes at the top to indicate it's no longer the Menacing by Stalking. I put the new code section, the new – It's Criminal Mischief instead of Menacing by Stalking. It's a third-degree misdemeanor, not a first-degree, so change what you're actually pleading to. Anthony, is that your signature at the bottom of that form?

MR. ENGLER: Yes, Your Honor.

THE COURT: Did your attorney explain the form to you?

MR. ENGLER: Yes, Your Honor.

THE COURT: Do you understand the form?

MR. ENGLER: Yes, Your Honor.

THE COURT: Do you have any questions about the form?

MR. ENGLER: Uh, no, Your Honor.

Tr. 3-4.

**{¶8}** At this point, the trial court accepted Appellant's plea and found Appellant guilty. The plea form signed by Appellant acknowledged he was waiving the right to trial by jury or to the court, the right to confront witnesses, the right to call witnesses, the right to be presumed innocent and to require the prosecution to prove his guilt, the right to testify or not testify on his own behalf, and the right to have the prosecution and court

refrain from comment on his failure to testify. He acknowledged no promises or threats had been made by anyone, and acknowledged he understands upon acceptance of the plea the court may proceed immediately to sentencing.

**{¶9}** In *State v. Huffman*, 2024-Ohio-5273 (5th Dist.), the defendant pled guilty and no contest to misdemeanor charges following plea negotiations. At the plea hearing, Huffman's attorney indicated he was going to enter the pleas according to the plea agreement. The trial court accepted the pleas without any colloquy with Appellant. The rights form signed by Huffman indicated only a waiver of the right to a jury trial. This Court held the trial court's failure to comply with Crim. R. 11(E) constituted a complete failure on the part of the trial court, and thus, pursuant to the Ohio Supreme Court's holding in *State v. Dangler*, 2020-Ohio-2765, Huffman was not required to demonstrate prejudice. *Huffman* at ¶ 14.

**{¶10}** The State attempts to distinguish *Huffman*, arguing in the instant case, the trial court did ensure Appellant understood the rights he was waiving as set forth on the plea form. However, Crim. R. 11(E) affirmatively requires the court to inform the defendant of the effect of the plea. In order to fulfill the requirement of informing a defendant of "the effect of the plea" before accepting a guilty plea to a petty misdemeanor, the court is required to inform the defendant the plea is a complete admission of guilt. *State v. Jackson*, 2022-Ohio-3662, ¶ 8. In the instant case, as in *Jackson*, neither the colloquy nor the plea form informed Appellant of the effect of a guilty plea as required by Crim. R. 11(E). The plea form set forth the rights Appellant was waiving by entering a plea of guilty but did not inform Appellant the effect of a plea of guilty is a complete admission of guilt. *See* Crim. R. 11(B)(1). Nothing in either the plea form or in the trial court's colloquy during the plea hearing informed Appellant of the effect of a plea of guilty.

{¶11} We find the trial court completely failed to inform Appellant of the effect of a guilty plea in violation of Crim. R. 11(E). Pursuant to *Huffman, supra*, and *Dangler, supra*, Appellant is not required to demonstrate prejudice.

{¶12} The assignment of error is sustained. The plea of guilty is vacated, and this case is remanded to the Massillon Municipal Court for further proceedings according to law, consistent with this opinion.

{¶13} Costs are waived.

By: Hoffman, J.

King, P.J. and

Montgomery, J. concur.